Pek Curiam.
The plaintiffs instituted this suit by attachment, and pending the cause it seems that they were ruled to give security for costs, and for a non compliance with the rule, the case was dismissed, and judgment rendered against the plaintiffs for costs. It seems that there was some understanding between the clerk and the plaintiffs concerning the costs, the plaintiffs having tendered a bond for their payment within the time prescribed by order of the court. We would remark that it is a harsh practice to dismiss for want of security for costs, if security be tendered at any time before the dismissal is entered. But whether such dismissal could be sustained, is an immaterial question in this case.' The plaintiffs-had given bond on suing out the attachment, in which they expressly obligated themselves to pay the costs in the attachment suit, and this was sufficient, until the surety in the bond should be adjudged insufficient.
It seems that at a previous term an application was made by the plaintiffs, to substitute a new bond, and other security, in *626 order that they might use their co-obligor as a witness, but the court refused to allow a new bond to be given. This question does not come properly up, as the case was dismissed. Such an application, made at the trial, might, after final judgment, properly present the question. We will only remark that it is a common practice to substitute new bond and security, in order that the security in the original bond may be made a competent witness. 3 Phillips’s Evidence, 1570.
The judgment is reversed and the cause remanded.